Mr. Harrington. Yeah, please, the Court. My name is Joe Harrington. I'm an assistant U.S. attorney for the Eastern District of Washington. That's Spokane. Counsel? I'd like to reserve, if I could, three minutes for everybody. Okay. I know you want us to hold as a matter of federal law that the Washington law is not in effect. I don't really understand why we even have to get into the Washington law question. Why can't we just go on Leon and say the police had a search warrant, they didn't lie to get it, the judge acted judicially, and that's Leon good faith, and we don't have to address exactly what the applicability and voidness may be of the Washington law. You know, I think, Your Honor, that would be the second point that was raised in the government's appeal. And the Court can't avoid the interpretation of the current or the Washington state statute at the time by relying on good faith in Leon, Your Honors, for two reasons. One, at the time that this search warrant was obtained from the state district court judge, there really had been no judicial interpretation of RCW 69-5A-040, which is the amended medical marijuana statute. And at the time, the overriding precedent at the time was State v. Frye, the Washington State Supreme Court at 220 P. 2nd, page 1. I think now you're addressing other things. I just wanted to know, if we decide Leon, do we have to get into the Washington law question at all? No, Your Honor. I don't think the Court has to at all because these officers provided a sufficient factual basis to make a probable cause determination that, in fact, there was marijuana being manufactured at the premises for which the warrant was issued. Counsel, can you tell me, assuming this is a public matter at this point, has the Washington Supreme Court or any Washington court of appeal taken the issue of the enforceability and compliance with 69.51A.040 into consideration? In other words, is there going to be a Washington court that's going to determine this issue any time in the near future, to the best of your knowledge?  Your Honor, however, the government did cite State v. Ziller. That's at 172 Wash. State v. what? Ziller, Z-I-L-L-E-R. Okay. At 172 Washington App, 1008. It's a November 2012 case. In that case, the Washington State Appellate Court recognized that officers can still search for lawful compliance with the medical marijuana statutes in the State of Washington. So while that doesn't address your question directly, there is at least one Washington State Appellate Court that recognizes that officers can still apply for and obtain search warrants to determine whether individuals are in lawful compliance. I gather, and again, this is with all deference to my colleague's question on Leon, which may very well be if we decide that way, that we would go that way. But I gather it's the government's position that it is impossible to comply with the reference statute because there's no registration. Is that correct? That's absolutely correct. So in effect, it's a nullity. That's correct. Can't you still comply with no registration if you're just growing a little marijuana for yourself and you have a doctor's prescription to use it for your glaucoma or your anorexia caused by cancer drugs? That brings in a third statute, or another statute, Your Honor, and that's RCW 6951A-047, which provides for an affirmative defense for those who meet the standards set forth but are not registered because registration is... I can't see why that even matters. If, just suppose, you had a criminal prosecution and there was an affirmative defense, the way affirmative defenses such as entrapment typically work in federal law is that if the defense has some evidence that would support it, then the defense is entitled to an instruction on the defense and then the burden remains with the government to prove beyond a reasonable doubt that the defense such as entrapment does not apply. I can't see where that helps you at all, that it may be an affirmative defense or may not be for that matter. Well, in this case, the district court judge determined that... It doesn't shift the burden of proof. The government always has the burden of proof beyond a reasonable doubt. That's my point. No question about that, Your Honor, and the government was prepared to do that in this case if the defendants raised the affirmative defense. I can't see where it affects the probable cause analysis. Well, according to the district court... Probable cause doesn't mean that all defenses have to be negative. That's correct, Your Honor. According to the district court, however, the basis for suppressing the evidence in this case was an interpretation of RCW 69-51A-040, which is the provision that the Washington State Legislature... True enough, but we review that. We review de novo, don't we? That's correct, Your Honor, and it's that statute that cannot be complied with because there is no registration in place. There's no statewide registration. There's no way to validate whether a person has been registered, and thus it's an impossibility to comply with that statute. Along the lines of Leon, though, the district judge took the position that since there was no mention of that statute or an assertion that the grove violated the medical marijuana statute, that it was just flat out on its face insufficient. Isn't that a little different than Leon, where officers who have what appears to be on its face a valid search warrant can execute that and be exculpated? It seems like the district court is going behind that and saying, no, no, no, this on its face just makes no sense. You can't do that. Am I reading what the district court said incorrectly there? No, I think that's a proper reading of the district court's decision to suppress the evidence in this matter. The government is taking issue with the fact that the court relied on, again, RCW 6951A040, which is a nullity because there cannot be any of that. If that's the case, then Leon wouldn't solve the problem, right? If your position is correct, we would need to state flat out that as a matter of Washington law, this is a nullity. It's not a requirement for the search warrant. You never get to the Leon issue, but that the warrant was proper and was properly executed. And that's the government's first position in its briefing, is that, in fact, the district court, with all due respect, erred. You never made this nullity argument in district court, did you? The government argued that, in this case, the best that the defendants had was an affirmative defense. They didn't get deep into the weeds. You never argued in district court that the governor's veto rendered the entire statute a nullity, did you? That was not argued specifically, Your Honor. The legislative history of the statute was briefly mentioned during the course of the district court proceedings. But upon further reflection and further research, the legislative history, I think, was found. I think that was a concession. You didn't think of this until appeal, so the district judge never had an opportunity to rule about it. In this case, Your Honor, this is, I would submit to you, is a matter of law, and it is also based on a factual record that is complete, and there's really no serious dispute about what the facts are. Is there any evidence that there are facts which were intentionally omitted from the affidavit? No, Your Honor, none whatsoever. So there's no question that the affidavit was not full and complete, that the officers provided the state district court judge the information that they have. We're really, as Judge Smith, my colleague has suggested, we're really down to, as I understand it, whether one can say because we had a Washington statute now on the books and nobody really said we've looked at that statute and whether it could have been evidence of growing medical marijuana, it's not sufficient. That's really what we're after. Your Honor, I think that the case law is fairly clear that affidavits don't have to preclude every innocent interpretation of a statute. And so as long as there's a finding based on the facts set forth in the affidavit, there's a finding that there is probable cause, that should be sufficient. I think the case law is clear from this district, or this circuit, that a law enforcement officer doesn't have to provide a neutral and detached magistrate all of the possible innocent explanations about the facts that are supporting probable cause. I am frankly puzzled about why you're reaching for this, in my view, somewhat tenuous argument about Washington state law in view of Leon. And it just keeps making me wonder whether you need the argument. And if you need it, it's troublesome because it looks like a tenuous argument. Well, again, Your Honor, I think that the good faith argument under Leon is a valid and sufficient basis for this court to make a determination that this warrant and the officer's conduct was valid because the officers provided a factual basis in the affidavit submitted to the state district court judge. They didn't leave out any factual basis. They did not mislead. There's no indication they misled the district court judge whatsoever. And the district court, the neutral, detached state district court judge, made a finding of probable cause and issued the warrant. And it's that lawfully issued warrant that the officers executed in this instance. Can we find that the affidavit in support of the warrant provided enough facts and circumstances where one could reasonably conclude that the GRO could not have complied with the medical marijuana GRO? Well, again, Your Honor, I refer back to State v. Ziller. Well, I'm looking at this particular case. Are there enough facts in this affidavit to suggest that it could not have complied with that medical marijuana statute in any event? My understanding of the facts supporting the statement of probable cause does not have information about the medical marijuana card. I understand it doesn't have anything in there. That's correct. But are there facts in there that would suggest it could not have complied in any event? Not specifically or directly. However, there are sufficient facts to show that for 15 plants or less? Well, I would submit no, Your Honor, and I think that would be the finding. I thought that's what Judge Smith was getting at. Well, I mean, there was initial detection of odor. There was an observation of stems and marijuana leaves and white plastic paper. The equipment necessary to sustain it, the wood frames commonly used, the two greenhouses, the defendant's vehicle, the power records, the strong marijuana odor from the house and the greenhouses. I'm wondering whether the government can really say, I mean, if you look at this, why did we have to talk even about medical marijuana? Well, Your Honor, you're absolutely right that there are sufficient facts here to clearly prove probable cause in a violation of the General Controlled Substances Act under RCW 6950-401. And in this particular instance, my standard of review is what? In this matter, Your Honor. If I'm going to be really putting my own theory over the top of the DJ, which an old DJ does not often do, so what is my standard of review to get there? Well, I think it's a mixed finding of fact and law. I appreciate it's mixed. What does that mean? Well, I think that this Court could use a de novo review on this. Well, you can use de novo. Are we going to use de novo as to the facts, or have I got to give the judge some clear air as to the facts? I can only use law de novo. Well, I think there's no real dispute about what the facts are. The facts are set forth in the four corners of the statement of probable cause in the affidavit. And so, therefore, I think, Your Honor, respectfully, it comes down to a question of law, and that's whether there were sufficient facts presented to make the finding. Because the finding of the probable cause is the law. Correct, Your Honor. Yes. You want to save some of your time there? We'll give you a little bit more. We've taken a bit over. Thank you, Your Honor. Let's hear from your counter colleagues here. May it please the Court, Richard Wall for Mr. McKinley. Let me take up the last issue that was raised first. In the district court, and actually on appeal in the briefing, the government essentially conceded that there were not facts in the affidavit sufficient to establish that this grow was an illegal grow as opposed to a legal grow. Counsel, I am very skeptical of the government's argument about Washington law. But I don't see why it's necessary. I don't even see why the government made it, let alone why they made a new one on appeal. It looks to me like there's an affidavit. It establishes probable cause to believe that a crime of manufacturing marijuana is being committed. And the police made the search relying on a search warrant that was issued by a neutral judicial officer and that they obtained without telling any lies. And I don't see why Leon doesn't avoid the entire Washington law question. Why doesn't it? Because to know whether you have probable cause, you have to know what the crime is. You can't establish probable cause without reference to what is criminal. Well, let me offer you two possibilities there. First of all, I believe there's, in general, a whole lot of Supreme Court and Ninth Circuit law that says it doesn't have to be the crime the officers thought it was. Second, even if $186,000 is extended to this case, I don't see why the Washington crime wouldn't be supportable at a probable cause level, even if not at a beyond a reasonable doubt level, because the defendant was using 60 or 70 times as much electricity as all his neighbors for a similar house, and the Washington law restricts a grow to such a small number of plants, even for a provider that it is reasonably probable that they're not providers. Also, there's no indication that they are. There's no certificate or claim to the officers, as the statute requires, to suggest that they are medical providers. And that's the problem. There's no information whatsoever in that affidavit to tell you is this a legal grow or is this an illegal grow. The electrical records don't help. Why is it a problem? There's probable cause doesn't require beyond a reasonable doubt, and I don't see why the electrical records don't tell you quite a lot to create a fair inference. Because they might have. I mean, if it had just been, say, double the neighbors, well, maybe they have a hot tub, and maybe they plug in their car whenever it falls below 20 degrees above zero, but 60 or 70 times? Well, I can tell you I have no idea how much electricity it takes to grow 45 plants. And I don't think the magistrate knows either. And you can't infer that the magistrate knows that. Now, if the officer has put in – People are a great boon to the public in that they support the electric utility more than all their neighbors. That may be. Nobody would spend that kind of money on electricity ordinarily. I don't think this court or the district court could take judicial notice of that kind of fact. And that would have been something that would have been easy for the officers to put into their affidavit. Let me give you a hypothetical. If they knew the basis for making that conclusion. Let me give you a hypothetical. Suppose you've got a used car, and the Nata Blue Book value is $800. And some stranger says, I really want that car. I'll give you $10,000 for it. It seems to me that that would suggest strongly a knowledge on the part of the buyer, prospective buyer, that there's something in that car that he wants. Isn't that true, or am I missing something there? I think you're missing something, yes. Tell me why. You have no idea. Maybe that person just really wants that particular car and is willing to pay more than market value for it. You ever met a person like that? How many people do you think would just offer $10,000 for a car worth in the hundreds, as opposed to people who'd offer the money because of something in the car worth the hundreds? Well, I guess you can draw all sorts of inferences from that. Probable cause doesn't have to be scientific certainty, and it doesn't have to be beyond a reasonable doubt. And I'm not suggesting that it does. But what I'm suggesting is simply putting electrical records in front of a magistrate doesn't tell the magistrate anything about how many plants are being grown there. It tells the magistrate nothing. And the officers could have put that information in. They could have said, based upon our experience, this amount of electrical use indicates more than 45 plants, but they did not put that in their affidavit. Was there any indication at the location searched of medical use? For example, if there had been a certificate on the door and the police hadn't mentioned it in their affidavit, that might raise a serious question about Leon applicability. Well, but that's the problem. There was no information either way. And the affidavit has to establish, more likely than not, this is an illegal growth. Did the police lie about anything or cover up anything relevant? Not that we have alleged, no. But it simply doesn't tell you, is this a legal grow or is this not a legal grow? Let's focus then on the Leon point. I gather your point is you disagree with my colleague that Leon can satisfy the issue here. You just don't think, Leon or no Leon, that this affidavit was sufficient to support the search. Is that correct? That's correct. And I think you have to go back to what has been missed, I think, in this, is basic principles of statutory interpretation, the most fundamental ones. You have to interpret the statute as a whole. You have to give effect to all language if possible. And you can't read any part of it as being superfluous. The government's position here is this the whole statute. Well, why do we even have to interpret the statute if we're applying a Leon analysis? Because to know whether or not you have probable cause, you have to know what conduct constitutes the crime. And the officer, to have a good faith belief that he has probable cause that a crime is being committed, also has to know what is the crime, what constitutes the crime. So it's clear what happened here. These officers simply were not aware of the new statute because the new statute says if you're doing medical marijuana, if you're doing a medical marijuana grow, that is not a crime. It's not a security offense. It's not a crime. Now, just a minute. What it says is you may not be arrested, prosecuted, or subject to other criminal sanctions or civil consequences. And prior to that, it uses the language is not a crime. Does not constitute a crime and a qualifying patient or designated provider. May not be arrested, prosecuted, or subject to other criminal sanctions. So I guess I'm back to my question again. Is it necessary for probable cause that a crime is being committed to suggest that the person does not comply with the medical marijuana statute? Can one go in on a probable cause theory, which seems to be what, if you will, the newest state, the Zeller, suggests that you can go in, but if you find that at that point, it just isn't going to make it, you can't arrest, you can't prosecute, and you can't be subject to criminal sanctions. Okay. Well, let me address that first of all. Again, what the government is suggesting and what I think you're suggesting now is. What I'm doing is trying to question you because you wanted to talk about statutory interpretation. Now I want you to come forth. Tell me about how do I interpret this statute to suggest you cannot even have probable cause. I understand you can't be arrested, you can't be prosecuted, you can't be subject to sanction, but I'm still having a tough trouble as to why probable cause can't be suggested by the same facts as for every other crime. Because as Judge Nielsen correctly noted, to determine what is a crime, you have to read the statutes together. Statutes always must be read together, not in isolation. So you have to read 6950-401, which says it's illegal to use possessor-grown marijuana, along with 6951A-040 that says if you're doing it in this way, it is not a crime. I guess if we did get into Washington law, I think that the inquiry that you are urging upon us is irrelevant because the defendant has not been convicted of a violation of the Washington law. We're just talking about probable cause. And if we did get into the sort of Washington law analysis you urge, it seems pretty clear to me that your argument would fail under the Washington en banc Supreme Court decision in State v. Fry, where they said there's probable cause even where the defendant showed the police a marijuana authorization card. Fry was interpreting the previous law before it was amended. Because what we're talking about is the amendment. I can't see where it would matter. Well, the amendment changed the law. It used to be an affirmative defense. But did it change it materially? I don't see that it does. It said it's not an affirmative defense anymore. And clearly what the legislature wanted to do was protect people who were using medical marijuana. I can't see where affirmative defense matters. Because once something is an affirmative defense, all it means is it's that the police have to, or the prosecutor, rather, must negate it to the jury beyond a reasonable doubt. Just real quickly, let me try to make this point. What the government is suggesting, and I think what you are suggesting is that ---- What I'm questioning you about, which I think is a nubbin of where you have to go. So answer, please. I'm trying to. I'm trying to. The government is suggesting, well, we have some evidence that maybe a crime is being committed. This might not be a legal grow. So that's good enough to get a search warrant to continue our investigation. That is totally incorrect. The Constitution requires probable cause to believe a crime is being committed in order to get that search warrant. You can't say, well, we need the search warrant to get the information to know if it's legal. You have to have probable cause to know that it is or believe that it is not legal before you can get the warrant. Well, the problem ---- And I would like to reserve the rest of my time. But you don't have any other time. You don't have any time to reserve. You're the appellee. Well, I'd like Mr. Trejo to take over. Oh, you're going to share with your colleague. Okay. That's good to say. Good morning, Your Honors. Your Honors, the government needs Leon in order to prevail in this case. And, Your Honor, you started by commenting that, well, Leon, there's no lies, there's good faith, the matter's over. Well, it's more than just that. The Supreme Court and the Ninth Circuit have held that there are four circumstances where the good faith section cannot apply. And we are arguing that two of those circumstances exist in this case. And that's when the affidavit is so lacking in indicia of probable cause that an official belief in existence is objectively unreasonable. And we're also arguing that when the warrant is so facially deficient that the executing officers cannot presume it to be valid. Your colleague just mentioned a minute ago he didn't think the officers had any idea the statute even existed. Would that satisfy the issue that you just talked about? In other words, why wouldn't that be good faith? They didn't know the statute exists. They have a garden variety affidavit used with all kinds of marijuana busts. What's in bad faith about that? They didn't know the statute existed. Surely you're not suggesting that every law enforcement officer knows every statute that's been passed? No, but the district court determined that it was reasonable. Well, in fact, the magistrate may, you could argue the magistrate didn't even know the law had been passed. I mean, you can go as far as you want to go. So Judge Smith's question is important, and that's the one I was going to ask your colleague. You can go all you want about probable cause, but after you get all that way, then you've got Leon and you've got to say, now the police should have known all of what I just argued. And even though this court's engaging in a de novo review, I think the holding by the district court is insightful when it held that the good faith exception cannot rescue the warrant as a three-month-old law was clear and the officer should have been aware of its requirements. So you're saying that is a legal conclusion I should go to the bank on? Yes, Your Honor. Well, what case says that? Give me the case that says that. I don't have the case. No, you don't, because there isn't one. This case is all about, is the three months that elapsed since the change of the law enough to make the officer's conduct unreasonable? That's the case. This is the very issue. So if, in fact, I'm deciding it for the first time, then why are officers then in bad faith because they couldn't have known it? Well, you're not necessarily deciding it for the first time, because in the United States v. Luong, L-U-O-N-G, a 2008 case decided by this circuit, it was held that the officers are supposed to know the state of the law. They should know of changes in the law. And precisely in this case, given the magnitude of the marijuana law change, this is something very significant to the state of Washington. Why does the change matter? Why does the change matter? Because it decriminalizes. It makes what was otherwise a crime no longer a crime. I thought you could, before the change, you could grow for personal use when you had a medical need and a prescription, and after the change you could grow for medical use, personal with a prescription. Right, but before the change you had it as a defense. After the change it was not a crime and you were not subject to an arrest. For some reason, you and your colleague are assuming that affirmative defense affects probable cause, and I am having difficulty with the assumption because the affirmative defense that we see most often in federal court is entrapment, and that never affects probable cause. I've never seen a probable cause argument where a defense of entrapment mattered. But we're not getting to affirmative defense because the statute eliminated that. There's no requirement for the defense. That's what I'm saying. It doesn't matter at all because there can be probable cause, whether it's a defense or whether it's an element of the government's case, because even if it is an affirmative defense, the burden of proof is still going to be on the government to prove that it doesn't apply beyond a reasonable doubt. It's not going to be on the defendant. Or that Leon applies. Let me touch on your time, John. Let me just ask you one other question. The case that you cited for your proposition, was that decided before or after Leon? After. It was in 2008, Your Honor. And when was Leon decided? A while ago. I don't have the year. I'm sorry. Okay. All right. Thank you. Thank you, Your Honor. All right. The government has a little time left here. Your Honors, if the court has any further questions, I'd be happy to respond. Otherwise, I would respectfully request that this court reverse the district court's order suppressing the evidence in this case and remand it for further proceedings. Any questions? Thank you very much. Thank you all for your argument. We appreciate it. It would be very helpful. I'm sorry? I'm glad. I'm glad. We like people to have fun. We appreciate your argument, too. Thank you very much. Indeed we do. The case of the United States v. Canaston is submitted.
judges: Kleinfeld, Smith, Smith